UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00139HBB

**CARLA GILLASPIE**                                                                                     **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                     **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Carla Gillaspie seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered January 31, 2018 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance and Supplemental Security Income Benefits on July 20, 2016 (Tr. 268, 270, 277). Plaintiff alleged that she became disabled on May 23, 2015 as a result of degenerative disc disease, fibromyalgia, chronic

migraines, major depression, anxiety, chronic fatigue, COPD, and high cholesterol (Tr. 270, 301). Administrative Law Judge Maribeth McMahon ("ALJ") conducted a hearing on March 14, 2017 in Paducah, Kentucky. Plaintiff was present and represented by attorney Sara Martin. Also present and testifying was vocational expert James Adams.

In a decision dated June 25, 2017, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 8-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 23, 2014, the alleged onset date (Tr. 14). At the second step, the ALJ determined that Plaintiff's degenerative disc disease, migraines, depression, and anxiety are "severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a reduced range of light work (Tr. 16). The ALJ assessed the following limitations:

> Specifically, the claimant may lift and/or carry 20 pounds occasionally and 10 pounds frequently. She may frequently push and/or pull with the lower extremities bilaterally. She may sit, stand, and/or walk for 30 minutes at a time each, up to 4 hours each in an 8-hour workday. She may never climb ladders/ropes/scaffolds. She may frequently climb ramps/stairs. She may frequently stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, vibration, unprotected heights, and moving machinery. She is able to understand, remember, and carry out simple 1 to 2 step instructions. She is able to make simple, workrelated decisions. She is able to have occasional interaction with the public and frequent interaction with supervisors and coworkers. She should avoid confusing, complex, distracting, or fast-paced work.

(Tr. 16). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work as an administrative assistant (Tr. 21).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 22-23). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 23). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 20, 2016, through the date of the decision (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 266-67). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the

> duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons that follow, the ALJ's decision is supported by substantial evidence, and Plaintiff's claim is denied.

## Discussion

### A. Listings 12.04 and 12.06

Plaintiff first contends the ALJ erred in finding that her depression and anxiety do not satisfy the requirements of either Listing 12.04 or Listing 12.06 (DN 13 at PageID # 1758-62). Plaintiff discusses her treatment and personal history at length, then concludes that some bit of the previously discussed treatment history demonstrates marked limitations in three of the relevant Paragraph B criteria in Listing 12.04 and 12.06. Notably, Plaintiff does not explain in what way the cited treatment notes support her claim, nor does she indicate what evidence satisfies which criteria.

A claimant bears the burden of demonstrating that she meets or medically equals a Listing. Sullivan v. Zebley, 493 U.S. 521, 531-32 (1990). Here, in order to satisfy the Paragraph B criteria for Listings 12.04 and 12.06, a claimant's impairments must result in either two "marked" or one "extreme" in a broad spectrum of functioning, including understanding, remembering, or applying information; interacting with others; concentrating, persisting, or

5

maintaining pace, or adapting or managing themselves. 20 C.F.R. Part 404, Subpart P, App'x 1, ¶¶ 12.04B; 12.06B.

In her decision, the ALJ discussed the Paragraph B criteria of Listings 12.04 and 12.06 (Tr. 15-16). The ALJ found that Plaintiff exhibited mild limitations in understanding, remembering, or applying information (Tr. 15). Plaintiff exhibited moderate limitations in both interacting with others and concentrating, persisting, or maintaining pace (Tr. 15-16). Finally, the ALJ found Plaintiff exhibited no limitations in adapting and managing herself (Tr. 16). The ALJ supported each of these conclusions with specific examples, creating a clear foundation for why she ruled as she did. Plaintiff, on the other hand, has offered nothing but a lengthy recitation of her subjective complaints and treatment notes based on those subjective complaints followed by a conclusory statement that, because of those complaints, Plaintiff has demonstrated marked or extreme limitations. This does not suffice to create a meritorious argument. First, the ALJ is not required to consider Plaintiff's objective complaints. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007). But more importantly, the undersigned cannot discern which symptom Plaintiff is alleging corresponds to which limitation. And finally, even if Plaintiff had presented an argument that evidence supported a finding of disabled under the B criteria, the undersigned would still not reverse the decision of the ALJ because the issue is not whether substantial evidence supports the Plaintiff's position, but rather whether substantial evidence supports the ALJ's decision. The Sixth Circuit has held that a reviewing court should not upset an ALJ's findings where supported by substantial evidence, even if substantial evidence could support a decision the other way. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Here, the ALJ supported her decision with substantial evidence. Therefore, this claim is denied.

B. Severity of Plaintiff's Back Condition

Plaintiff next argues the ALJ misunderstood the severity of Plaintiff's back condition and as a result improperly formed Plaintiff's residual functional capacity (DN 13 at PageID # 1762-64). Plaintiff notes that she received a disc fusion at L4 L5 but continued to experience pain (Id. at PageID # 1762). Plaintiff goes on to argue that she received a stimulator that did not help (Id.). In addition, Plaintiff notes her continued back treatment as well as the fact that she exhibited generalized light touch discomfort and eighteen fibromyalgia trigger points (Id.). Plaintiff claims the ALJ "completely disregarded" the ongoing nature of her back pain and instead assigned an RFC that was not supported by substantial evidence.

Here, it is difficult to discern the precise nature of Plaintiff's legal argument. It is apparent that Plaintiff is unhappy with the ALJ's determination of her residual functional capacity, but merely objecting, even strenuously, to an ALJ's opinion does not provide grounds for reversal. A conclusory statement that the ALJ's decision is not supported by substantial evidence is a nonstarter as well. *See* United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999). Here, Plaintiff does not offer a single legal citation to support her argument, nor does she explain how the ALJ's decision is unsupported by substantial evidence. Rather, she attempts to provide evidence that paints more severe limitations than those expressed by the ALJ. But the issue is not whether other evidence might support a more restrictive RFC. The issue is whether the ALJ supported her RFC with substantial evidence. Here, the ALJ did offer substantial evidence to support the limitations she imposed. For instance, the ALJ noted Plaintiff's post-fusion status, but she additionally noted that the fusion occurred in 2010, and subsequent treatments have consisted only of injections and medications (Tr. 19). The ALJ further supported the determination that Plaintiff can perform a restricted range of light work by noting that Plaintiff

7

can perform a range of daily activities including shopping, light cooking, sweeping, dusting, and laundry folding (Tr. 19-20). The undersigned will not disturb the ALJ's assessment, and this claim is therefore denied.

## C. The Treating Physician Rule

Plaintiff next argues the ALJ erred in her decision to afford little weight to Dr. Johnson's opinion that Plaintiff cannot work (DN 13 at PageID # 1764-66). Plaintiff contends Dr. Johnson is a treating source and as such is entitled to controlling weight.

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).
>
> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).

> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).
>
> On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § D404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

Plaintiff is therefore correct that the opinion of a treating physician is presumptively entitled to controlling weight, but with the important caveat that the presumption is far from absolute. Here, the ALJ discussed Dr. Johnson's opinion as follows:

> On April 14, 2016, Dr. Johnson opined the claimant was unable to sit, stand, or walk for more than 15 minutes at a time; lift or carry more than 10 pounds regularly; or bend, stoop, lift, or use fine motor skills without significant pain. (Ex. B6F. *See also* Exs. B19F/17 and B20F/3). He stated the claimant had loss of feeling in both hands and dropped objects frequently. (Ex. B6F). Dr. Johnson opined the claimant could sit, stand, and/or walk 1 hour at a time, each, for a total of 4 hours in a day, each. However, he reported she has to lie down every hour for 15-20 minutes. He also opined the claimant should never bend, kneel, crouch, climb, balance, drive, or lift more than 5 pounds. (Ex. B18F/3). Dr. Johnson stated there was no way the claimant could work full time, as it would be very dangerous to people she worked with and pain to herself. He reported the claimant had to move positions every hour.

> Little weight is placed upon this opinion. It is not consistent with the claimant's medical records or the claimant's activities of performing light household chores, attending church, and visiting with friends. Furthermore, a CT was normal after the claimant reported numbness in her upper extremities, such that there is no significant objective evidence supporting restrictions with the claimant's hands.

(Tr. 20). The ALJ discounted Dr. Johnson's opinion because it conflicted with Plaintiff's own testimony and because Dr. Johnson did not support his opinion with objective medical evidence. The Sixth Circuit has held that an ALJ may properly discount physicians' conclusory statements. White v. Comm'r of Soc. Sec., 572 F.3d 272, 286 (6th Cir. 2009). Additionally, Plaintiff's brief primarily relies on more subjective complaints, though the complaints were taken from treatment notes. Given this fact, combined with the conclusory nature of Dr. Johnson's opinion and its inconsistency with the remaining evidence of record, the undersigned concludes that the ALJ properly discounted the opinion. Moreover, the undersigned finds that the reasons cited by the ALJ in the decision constitute good reasons for purposes of the treating physician rule. This claim is therefore denied.

### D. The Drummond Rule

Next, Plaintiff argues the ALJ's conclusion that her condition had not worsened since a prior disability hearing was unsupported by substantial evidence and violates the rule set forth in Drummond v. Comm'r of Soc. Sec., 126 F.3d 877 (6th Cir. 1997). Plaintiff contends substantial evidence supports a finding that her condition has worsened since the prior adjudication.

In Drummond, the Sixth Circuit held that the principles of *res judicata* apply to RFC findings in the final decision of the Commissioner. *See* 126 F.3d at 842-843. More specifically, the Sixth Circuit directed that when there is a final decision concerning a claimant's entitlement to benefits, and the claimant files a new application for benefits addressing the unadjudicated

period of time that proximately follows the adjudicated period of time, the Commissioner is bound by the RFC findings in that final decision absent changed circumstances. 126 F.3d at 842-843. Here, the ALJ acknowledged the prior adjudication (Tr. 18-19). The ALJ went on to discuss evidence submitted subsequent to the prior adjudication (Tr. 18-19). As the ALJ noted, Plaintiff was hospitalized for a short period in 2016 (Tr. 19). However, the ALJ further noted that treatment records from River Valley Behavioral Health indicated improvement in Plaintiff's depression and anxiety (Id.). Moreover, the ALJ noted Plaintiff's history of substance abuse and indicated that, while not specifically relevant, the history did not improve Plaintiff's credibility (Id.). Now, Plaintiff has failed to identify any evidence, other than Plaintiff's hearing testimony, that her condition has worsened. Therefore, the undersigned concludes the ALJ supported her Drummond determination with substantial evidence, and this claim is denied.

### E. Combined Effects of Plaintiff's Impairments

Finally, Plaintiff asserts the ALJ failed to consider the combined effects of her impairments (DN 13 at PageID # 1768-69). However, the only argument offered in support is yet another recitation of Plaintiff's subjective complaints. In no way does Plaintiff explain how the ALJ failed to consider the effects of her impairments in combination. Given that this argument is merely a conclusory assertion, the undersigned will deem the argument waived and therefore denied. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)).

## Conclusion

For the forgoing reasons, the decision of the Commissioner is supported by substantial evidence and supported by applicable law.

## **ORDER**

**IT IS HEREBY ORDERED** that the decision of the commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

Copies:	Counsel